# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CHARLES ROBINSON,<br><br>                    Plaintiff,<br>vs.<br>SAN DIEGO FORMER DISTRICT ATTORNEY PAUL PFINGST, in his professional and individual capacities; GREG S. MAIZLISH, Public Defender in his professional and individual capacities; BILL KOLENDER, San Diego County Sheriff, in his professional and individual capacities; LENICE JOY LOPEZ, San Diego County Sheriff, in her professional "Sheriff Detective" and individual capacities,<br><br>                    Defendants. | CASE NO. 10CV1703 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss (ECF No. 8) filed by Defendants Greg S. Maizlish, Bill Kolender, and Lenice Joy Lopez; the Motion of Conflict of Interest (ECF No. 14) filed by Mary Charles Robinson ("Plaintiff"); the Motion to Set Aside Clerk's Entry of Default (ECF No. 18) filed by Defendant Paul Pfingst; the Motion for Default Judgment (ECF No. 19) filed by Plaintiff, and the Motion to Dismiss Defendant Paul Pfingst's Motion to Set Aside Entry of Default Due to Lack of Standing (ECF No. 25) filed by Plaintiff.

## BACKGROUND

On August 13, 2010, Plaintiff initiated this action by filing the Complaint. (ECF No.

1). On September 10, 2010, Defendants Greg S. Maizlish, Bill Kolender, and Joy Lopez filed a Motion to Dismiss the Complaint. (ECF No. 8). On September 20, 2010, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 9). On September 29, 2010, Defendants filed a Reply. (ECF No. 11).

On October 15, 2010, Plaintiff filed a Motion of Conflict of Interest. (ECF No. 14). On October 25, 2010, Defendants filed an Opposition. (ECF No. 15).

On October 25, 2010, Plaintiff filed a request for Clerk's entry of Default Judgment against Defendant Paul Pfingst. (ECF No. 16). On October 27, 200, the Clerk entered default. (ECF No. 17). On October 28, 2010, Defendant Pfingst filed a Motion to Set Aside Clerk's Entry of Default. (ECF No. 18). On October 29, 2010, Plaintiff filed a Motion for Default Judgment against Pfingst. (ECF No. 19). On November 17, 2010, Pfingst filed a Reply in Support of the Motion to Set Aside Clerk's Default. (ECF No. 21). On December 6, 2010, Plaintiff filed a Surreply.[1] (ECF No. 23).

On December 20, 2010, Plaintiff filed a Motion to Dismiss Defendant Paul Pfingst's Motion to Set Aside Entry of Default Due to Lack of Standing. (ECF No. 25). On December 23, 2010, Defendants filed an Opposition. (ECF No. 26). Plaintiff filed a Reply. (ECF No. 27).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff asserts a civil rights Complaint pursuant to 42 U.S.C. § 1983 seeking compensatory damages in the amount of $100,000,000 and punitive damages in the amount of $100,000,000 for Constitutional violations during her arrest, detention, confinement. (ECF No. 1 at 1, 33-34). Plaintiff asserts claims for the following: (1) retaliation against Plaintiff for "accusing Stafford, [Virginia] Department of Social Services of in differential (sic) treatment" by maliciously extraditing and prosecuting her with "no probable cause"; (2) wrongful arrest and "finding [Plaintiff] guilty before trial;" (3) conspiracy to deny Plaintiff her Constitutional rights by arresting, detaining, and extraditing her; (4) malicious abuse of process

---

[1] On December 6, 2010, Plaintiff filed an Ex Parte Motion to Take Leave to Rebutte (sic) Defendants' Reply. (ECF No. 23). The Court construes the Ex Parte Motion as a Surreply. Plaintiff's Ex Parte Motion is **GRANTED**.

because Defendants knew that "the complaint initiated was groundless;" (5) and denial of access to the courts because "attempts at seeking relief in State and Federal Courts were thwarted by refusing to hear claim, restricting pro se litigation and den[ying] publically financed assistance." *Id*. at 25-33.

On October 2, 2000, Plaintiff was indicted in Stafford, Virginia and charged with false application and welfare fraud. *Id*. at ¶¶ 1-2. On January 19, 2001, Plaintiff's bond was revoked and the Governor of Virginia issued a warrant for her arrest. *Id*. at ¶¶ 5, 7. On April 24, 2001, the Governor of California issued a warrant for Plaintiff's arrest. *Id.* at ¶ 9. On March 20, 2001, Plaintiff was "first apprehended" on the charges from Virginia while she was incarcerated in Riverside, California. *Id*. at ¶ 11. On March 23, 2010, Plaintiff declined to sign a waiver of extradition. *Id.* at ¶ 12. A fugitive complaint was filed against her and "San Diego County District Attorney and Stafford County Commonwealth deprived [Plaintiff] the right to access the courts." *Id* at ¶¶ 13-14, 18. A copy of the fugitive complaint was filed in the San Diego Superior Court which contained the signature of Sheriff Detective Lenice Joy Lopez and did not contain a signature from a District Attorney; therefore, Lopez "impersonated a district Attorney." *Id.* at ¶¶ 21, 27. On April 18, 2002, a California governor's warrant was filed which included "a totally different charge" against Plaintiff. *Id*. at ¶ 24. Plaintiff's public defender Greg Maizlish "did not lift a hand to defend [Plaintiff]." *Id*. at ¶ 26. Defendants "worked in concert to deceive the Court and change the charge to read differently … to extradite [Plaintiff] illegally to Stafford, Virginia. *Id*. at ¶ 25. On December 3, 2001, Plaintiff "was forced to sign [a] plea agreement …." *Id*. at ¶ 105. Defendants knew that the charges against Plaintiff were "groundless." *Id*. at ¶ 138. Plaintiff claims that her "attempts in seeking relief in State and Federal Court were thwarted ...." *Id*. at ¶ 141.

**I.     Motion to Dismiss**

Defendants Maizlish, Kolender, and Lopez seek to dismiss the Complaint on the grounds that the Plaintiff challenges a state court conviction which has not been invalidated and Plaintiff's claims are time-barred. Defendants contend that Plaintiff's claims relate to her extradition and conviction which occurred on December 3, 2002, approximately eight years

1  ago. Defendants contend that the statute of limitations has expired under either California of
2  Virginia law.

3  Plaintiff contends that there was a "recent discovery of Lenice Joy Lopez
4  impersonating a District Attorney and filing the fugitive complaint when she had no legal
5  authority to do so." (ECF No. 9 at 9). Plaintiff contends that she was "unaware at the time"
6  that Lopez was prosecuting the fugitive complaint against her instead of a District Attorney,
7  as a result the charges against Plaintiff are "void." *Id.* at 11, 13. Plaintiff also contends that
8  there is no statute of limitations on fraud claims.

9  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
10 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6)
11 is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support
12 a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
13 1990).

14 To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
15 "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
16 raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
17 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
18 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
19 of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to
20 dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
21 --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss,
22 the non-conclusory factual content, and reasonable inferences from that content, must be
23 plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572
24 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

25 To determine the statute of limitations applicable to a claim brought under 42 U.S.C.
26 § 1983, the court applies the statute of limitations for personal injury in the forum state.
27 *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004) (citing *Azer v. Connell*, 306 F.3d 930,
28 936 (9th Cir. 2002)). The time for bringing a personal injury claim in California and Virginia

1  is within two years. Cal. Code Civ. P. § 335.1; Va. Code Ann. § 8.01-243. Plaintiff was
2  convicted on December 3, 2002. Plaintiff filed this Complaint on August 13, 2010.

3  Although Plaintiff contends that she recently discovered that on April 18, 2002,
4  Defendant Lopez impersonated a District Attorney to file the fugitive complaint against her,
5  Plaintiff does not explain when she learned of the alleged impersonated or what prevented her
6  from discovering it earlier. Plaintiff has failed to assert that any of the other facts alleged in
7  her Complaint were previously unknown to her. The Court concludes that Plaintiff's civil
8  rights Complaint is barred by the statute of limitations and the Complaint fails to allege
9  sufficient facts to support a claim that the statute of limitations should be tolled.

10  In addition, "[w]hen a plaintiff who has been convicted of a crime under state law
11  seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor
12  of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If the
13  answer is yes, the suit is barred." *Hooper v. County of San Diego,* --- F.3d ----, 2011 WL 9732,
14  at *2 (9th Cir. 2011) (quotations omitted). Plaintiff "must demonstrate the invalidity of his
15  confinement before [s]he is entitled to relief[]" regardless of whether the Complaint seeks
16  damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck v.
17  Humphrey*, 512 U.S. 477, 487 (1994); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)
18  (discussing *Edwards v. Balisok*, 520 U.S. 641 (1997)). "[W]here 'establishing the basis for the
19  damages claim necessarily demonstrates the invalidity of the conviction,' a § 1983 action will
20  not lie 'unless ... the conviction or sentence has already been invalidated[.]'" *Wilkinson*, 544
21  U.S. at 80 (quoting *Heck*, 512 U.S. at 487). *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th
22  Cir.2000).

23  Plaintiff seeks damages under § 1983 for Constitutional violations related to her
24  conviction. A judgment in Plaintiff's favor would necessarily imply her conviction was
25  invalid. *See Hooper*, 2011 WL 9732, at *2. Plaintiff has failed to allege in her Complaint that
26  her conviction has previously been invalidated; therefore, Plaintiff's claims for damages are
27  barred. *Wilkinson*, 544 U.S. at 81-82. Defendants' Motion to Dismiss is **GRANTED**.

28  **II.   Motion of Conflict of Interest**

Plaintiff seeks to notify the Court that there may be a conflict of interest among

1  Defendant Maizlish and county counsel. (ECF No. 14-1 at 3). Plaintiff contends that there is
2  a "potential conflict of interest due to Defendants sharing the same counsel for Sheriff Bill
3  Kolender, Sheriff Detective Lenice Joy Lopez, and especially Public Defender Greg S.
4  Maizlish due to attorney client privileges." (ECF No. 14 at 1).

5        Defendants contend that there is no conflict of interest and there have been no
6  confidential communications disclosed.

7        The Court construes this Motion as a request for judicial notice that there may be a
8  conflict of interest. Fed R. Evid. 201 provides that "a judicially noticed fact must be one not
9  subject to reasonable dispute in that it is ... capable of accurate and ready determination by
10 resort to sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 210(b). "[A]
11 court may not take judicial notice of a fact that is subject to reasonable dispute." *Lee v. City*
12 *of Los Angeles,* 250 F.3d 668, 689 (9th Cal. 2001) (quotation omitted).

13       Whether there is a "potential conflict of interest" is subject to reasonable dispute.
14 Plaintiff's Motion is **DENIED**.

15 **III.    Default**

16       Defendant Paul Pfingst seeks to set aside the Clerk's entry of default against him.
17 Defendants contend that service was insufficient because the proof of service does not indicate
18 that service was accepted by a duly authorized agent, the summons was not mailed to Pfingst,
19 and the summons incorrectly states that it was left at Pfingst's residence but the address
20 identifies a downtown office building. Defendant Pfingst contends that this was excusable
21 neglect because Pfingst ceased his position as District Attorney in 2003, and this suit "was
22 filed many years after the longest possible statute of limitations expired on any lawsuit ...."
23 (ECF No. 18-1 at 3).

24       Plaintiff seeks entry of default judgment against Defendant Pfingst in the amount of
25 $200 million plus interest. Plaintiff contends that Pfingst was properly served "through his
26 private secretary Sue DuPont his duly authorized agent." (ECF No. 20 at 2). Plaintiff
27 contends that Pfingst is a "professional that should know [his] craft and not claim human
28

1 error." *Id*. at 3.[2]

2 Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court. Rule 55(c) provides that a court may set aside a default for "good cause shown." Fed. R. Civ. P. 55(c).

"The [Rule 55] good cause analysis considers three factors: (1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [plaintiff]." *Franchise Holding II, LLC. v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (quotation omitted). In determining whether to enter default judgment, a court considers the three "good cause" factors, as well as the amount of money at stake, the sufficiency of the complaint, the possibility of disputes to any material facts in the case, and the public policy favoring resolutions of cases on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[T]he general rule is that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Id*. at 1472.

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001); *see also id*. at 698 ("[W]e have typically held that a defendant's conduct was culpable ... where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.").

The record shows that Defendant Pfingst's secretary received the complaint but mistakenly believed that the County would defend the suit and set it aside. The Court does not find that Defendant engaged in culpable conduct that leading to the default. The Court finds

---

[2] Plaintiff also contends that Attorney Morris G. Hill does not have standing to file the Motion to Set Aside October 27, 2010 Clerk's Default as counsel for Pfingst because he did not file a notice of appearance or substitution first. Pfingst did not previously appear in this case so a notice of appearance or motion for substitution was not necessary. Plaintiff's Motion (ECF No. 25) is **DENIED**.

that Defendant has a meritorious defense, as discussed above. The Court finds that reopening the default judgment would not prejudice Plaintiff. *See Franchise Holding II, LLC.*, 375 F.3d at 925-26. The Court concludes that good cause has been shown to set aside the Clerk's entry of default. Defendant Pfingst's Motion to Set Aside Clerk's Entry of Default is **GRANTED**. Plaintiff's Motion for Default Judgment is **DENIED**.

## CONCLUSION

**IT IS HEREBY ORDERED THAT**:

(1) The Motion to Dismiss (ECF No. 8) filed by Defendants Greg S. Maizlish, Bill Kolender, and Joy Lopez is **GRANTED**.

(2) The Motion of Conflict of Interest (ECF No. 14) is **DENIED**.

(3) Plaintiff's Ex Parte Motion (ECF No. 23) is **GRANTED**.

(4) The Motion to Set Aside Clerk's Entry of Default (ECF No. 18) filed by Defendant Paul Pfingst is **GRANTED**.

(5) The Motion for Default Judgment (ECF No. 19) and the Motion to Dismiss Defendant Paul Pfingst's Motion to Set Aside Entry of Default Due to Lack of Standing (ECF No. 25) are **DENIED**.

DATED: January 24, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge