# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CHARLES ROBINSON,<br><br>                       Plaintiff,<br>vs.<br>SAN DIEGO FORMER DISTRICT ATTORNEY PAUL PFINGST, in his professional and individual capacities; GREG S. MAIZLISH, Public Defender in his professional and individual capacities; BILL KOLENDER, San Diego County Sheriff, in his professional and individual capacities; LENICE JOY LOPEZ, San Diego County Sheriff, in her professional "Sheriff Detective" and individual capacities,<br><br>                       Defendants. | CASE NO. 10CV1703 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss (ECF No. 30) filed by Defendant Paul Pfingst ("Pfingst") and the Motion to Disqualify District Judge of Southern District California Judge William Q. Hayes and all District Court Judges of California (ECF No. 32) filed by Mary Charles Robinson ("Plaintiff").

## BACKGROUND

On August 13, 2010, Plaintiff initiated this action by filing the Complaint. (ECF No. 1). On September 10, 2010, Defendants Greg S. Maizlish, Bill Kolender, and Joy Lopez filed a Motion to Dismiss the Complaint. (ECF No. 8). On January 24, 2011, this Court issued an

1  Order granting the Motion to Dismiss as to Defendants Greg S. Maizlish, Bill Kolender, and
2  Joy Lopez on the grounds that Plaintiff's civil rights Complaint is barred by the statute of
3  limitations and is barred because a judgment in Plaintiff's favor would necessarily imply her
4  conviction was
5  invalid.  (ECF No. 28).
6       On February 1, 2011, Defendant Paul Pfingst filed a Motion to Dismiss.  (ECF No.
7  30). On February 17, 2011, Plaintiff filed the Motion to Disqualify District Judge of Southern
8  District California Judge William Q. Hayes and all District Court Judges of California (ECF
9  No. 32).  On March 3, 2011, Defendant Pfingst filed an Opposition to Plaintiff's Motion.
10 (ECF No. 34).

11 **I.      Motion to Disqualify filed by Plaintiff Robinson**

12      Plaintiff contends that this Court should be disqualified pursuant to 28 U.S.C. §
13 455(a)-(b).  (ECF No. 32 at 2).  Plaintiff contends that the Court's dismissal of Defendants
14 from her Complaint is evidence of bias and prejudice against Plaintiff.  Plaintiff contends
15 that this Court's dismissal of Defendants Greg S. Maizlish, Bill Kolender, and Joy Lopez
16 violated criminal law.

17      Pursuant to 28 U.S.C. § 455(a), a district judge "shall disqualify himself in any
18 proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).
19 Pursuant to § 455(b), a district judge must also disqualify himself "[w]here he has a
20 personal bias or prejudice concerning a party, or personal knowledge of disputed
21 evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b).  The standard for recusal
22 under § 455 is "whether a reasonable person with knowledge of all the facts would
23 conclude that the judge's impartiality might reasonably be questioned." *Mayes v.*
24 *Leipziger,* 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted).  "[J]udicial
25 rulings alone almost never constitute [a] valid basis for a bias or partiality motion." *Liteky*
26 *v. United States,* 510 U.S. 540, 555 (1994).

27      In this case, the Plaintiff's sole basis for asserting that this Court should disqualify
28 is her disagreement with the Court's prior rulings in this case.  Plaintiff has failed to show

that "a reasonable person with knowledge of all the facts would conclude that [this Court's] impartiality might reasonably be questioned." *Mayes,* 729 F.2d at 607. The Motion to Disqualify (ECF No. 32) is DENIED.

**II.     Motion to Dismiss filed by Defendant Pfingst**

Plaintiff asserts a civil rights Complaint pursuant to 42 U.S.C. § 1983 seeking compensatory damages in the amount of $100,000,000 and punitive damages in the amount of $100,000,000 for Constitutional violations during her arrest, detention, confinement. (ECF No. 1 at 1, 33-34). Plaintiff asserts claims for the following: (1) retaliation against Plaintiff for "accusing Stafford, [Virginia] Department of Social Services of in differential (sic) treatment" by maliciously extraditing and prosecuting her with "no probable cause"; (2) wrongful arrest and "finding [Plaintiff] guilty before trial;" (3) conspiracy to deny Plaintiff her Constitutional rights by arresting, detaining, and extraditing her; (4) malicious abuse of process because Defendants knew that "the complaint initiated was groundless;" (5) and denial of access to the courts because "attempts at seeking relief in State and Federal Courts were thwarted by refusing to hear claim, restricting pro se litigation and den[ying] publically financed assistance." *Id.* at 25-33.

The Complaint alleges that Defendant Paul Pfingst was the District Attorney of the County of San Diego. On October 2, 2000, Plaintiff was indicted in Stafford, Virginia and charged with false application and welfare fraud. *Id.* at ¶¶ 1-2. On January 19, 2001, Plaintiff's bond was revoked and the Governor of Virginia issued a warrant for her arrest. *Id.* at ¶¶ 5, 7. On April 24, 2001, the Governor of California issued a warrant for Plaintiff's arrest. *Id.* at ¶ 9. On March 20, 2001, Plaintiff was "first apprehended" on the charges from Virginia while she was incarcerated in Riverside, California. *Id.* at ¶ 11. On March 23, 2010, Plaintiff declined to sign a waiver of extradition. *Id.* at ¶ 12. A fugitive complaint was filed against her and "San Diego County District Attorney and Stafford County Commonwealth deprived [Plaintiff] the right to access the courts." *Id* at ¶¶ 13-14, 18. A copy of the fugitive complaint was filed in the San Diego Superior Court which contained the signature of Sheriff Detective Lenice Joy Lopez and did not contain a signature from a District Attorney; therefore,

1  Lopez "impersonated a district Attorney." *Id.* at ¶¶ 21, 27. "[The abuse was intentionally
2  committed by San Diego, County, District Attorney [Pfinsgt] ...." *Id.* at ¶ 31.

3  The Complaint alleges that on April 18, 2002, a California governor's warrant was
4  filed which included "a totally different charge" against Plaintiff. *Id.* at ¶ 24. Defendants
5  "worked in concert to deceive the Court and change the charge to read differently … to
6  extradite [Plaintiff] illegally to Stafford, Virginia. *Id.* at ¶ 25. On December 3, 2001, Plaintiff
7  "was forced to sign [a] plea agreement …." *Id.* at ¶ 105. Defendants knew that the charges
8  against Plaintiff were "groundless." *Id.* at ¶ 138. Plaintiff claims that her "attempts in seeking
9  relief in State and Federal Court were thwarted ...." *Id.* at ¶ 141.

10  Defendant Pfingst seeks to dismiss the Complaint on the grounds that the Plaintiff
11  challenges a state court conviction which has not been invalidated, that Plaintiff's claims are
12  time-barred, and that the claims against Pfingst rely on supervisory liability.

13  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
14  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6)
15  is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support
16  a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
17  1990).

18  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
19  "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
20  raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
21  555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
22  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
23  of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to
24  dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
25  --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). "[F]or a complaint to survive a motion to dismiss,
26  the non-conclusory factual content, and reasonable inferences from that content, must be
27  plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572
28  F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

1   To determine the statute of limitations applicable to a claim brought under 42 U.S.C.
2 § 1983, the court applies the statute of limitations for personal injury in the forum state.
3 *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004) (citing *Azer v. Connell*, 306 F.3d 930,
4 936 (9th Cir. 2002)). The time for bringing a personal injury claim in California and Virginia
5 is within two years. Cal. Code Civ. P. § 335.1; Va. Code Ann. § 8.01-243. Plaintiff was
6 convicted on December 3, 2002. Plaintiff's claim stems from her conviction. Plaintiff filed
7 this Complaint on August 13, 2010. The Court concludes that Plaintiff's civil rights Complaint
8 is barred by the statute of limitations and the Complaint fails to allege sufficient facts to
9 support a claim that the statute of limitations should be tolled.

10   In addition, "[w]hen a plaintiff who has been convicted of a crime under state law
11 seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor
12 of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If the
13 answer is yes, the suit is barred." *Hooper v. County of San Diego,* --- F.3d ----, 2011 WL 9732,
14 at *2 (9th Cir. 2011) (quotations omitted). Plaintiff "must demonstrate the invalidity of his
15 confinement before [s]he is entitled to relief[]" regardless of whether the Complaint seeks
16 damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck v.*
17 *Humphrey*, 512 U.S. 477, 487 (1994); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)
18 (discussing *Edwards v. Balisok*, 520 U.S. 641 (1997)). "[W]here 'establishing the basis for the
19 damages claim necessarily demonstrates the invalidity of the conviction,' a § 1983 action will
20 not lie 'unless ... the conviction or sentence has already been invalidated[.]'" *Wilkinson*, 544
21 U.S. at 80 (quoting *Heck*, 512 U.S. at 487). *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th
22 Cir.2000).

23   Plaintiff seeks damages under § 1983 for Constitutional violations related to her
24 conviction. A judgment in Plaintiff's favor would necessarily imply her conviction was
25 invalid. *See Hooper*, 2011 WL 9732, at *2. Plaintiff has failed to allege in her Complaint that
26 her conviction has previously been invalidated; therefore, Plaintiff's claims for damages are
27 barred. *Wilkinson*, 544 U.S. at 81-82. Defendant Pfingst's Motion to Dismiss is GRANTED.

**CONCLUSION**

28   IT IS HEREBY ORDERED THAT: (1) the Motion to Disqualify District Judge of

1  Southern District California Judge William Q. Hayes and all District Court Judges of
2  California (ECF No. 32) filed by Mary Charles Robinson is DENIED; and (2) the Motion to
3  Dismiss (ECF No. 30) filed by Defendant Paul Pfingst is GRANTED. The Clerk shall close
4  the case.

5  DATED: March 30, 2011

**WILLIAM Q. HAYES**
United States District Judge